UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMONI WILSON, | No. 2:25-cv-00672-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | |
| Defendants. | |

Plaintiff Emoni Wilson proceeds pro se in this action.[1] Plaintiff's complaint is before the court for screening and plaintiff requests to proceed in forma pauperis. (ECF Nos. 1, 2.) For the reasons that follow, the Court orders Plaintiff's in forma pauperis application be granted, and the complaint be dismissed with leave to amend.

**I.     Motion to Proceed In Forma Pauperis**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. Id. The

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

IFP statute does not itself define what constitutes insufficient assets. See Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015). In Escobedo, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. Id. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." Id. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." Id. According to the United States Department of Health and Human Services, the current poverty guideline for a household of four (not residing in Alaska or Hawaii) is $32,150.00. See U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, plaintiff has made the required showing, despite some inconsistencies in her application. (See ECF No. 2.) When asked to list her "[a]verage monthly income amount during the past 12 months," she listed $54,000, and she listed $4,500 for the "[i]ncome amount expected next month." (Id. at 1.) The Court interprets the $54,000 as being her income for the past 12 months, based on her expected income of $4,500 for the next month. Plaintiff also lists her "gross monthly pay" from her employment as $2,100, and lists that she has $2,122 in cash. (Id. at 2.) Plaintiff also lists that she has $2,155.60 in bank accounts. (Id.) Plaintiff states that she has at least $2,600 in expenses each month. (Id. at 4.) Plaintiff lists three names of individuals that rely on her for support (id. at 3), but also states that she has four children (id. at 5). Assuming plaintiff has a yearly income of $54,000, $2,122 in cash, $2,155.60 in bank accounts, $2,600 in monthly expenses, and three individuals that rely on her for support, plaintiff's income is below the poverty guideline for a household of four. Accordingly, plaintiff's motion to proceed in forma pauperis is granted.

**II.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1  (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

2  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

3      A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as

8  true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge

9  unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

10 (internal quotation marks and citation omitted).

11     Pro se litigants are entitled to have their pleadings liberally construed and to have any

12 doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially

13 plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to

14 allow the court to reasonably infer that a named defendant is liable for the misconduct alleged.

15 Iqbal, 556 U.S. at 678.

16     **III.**    **Allegations in the Complaint**

17     Plaintiff brings claims against Experian Information Solutions, Inc. ("Experian"); Rash

18 Curtis & Associates ("Rash Curtis"); and Sky Cloud Management, LLC ("Sky Cloud") for

19 violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. and the Fair Debt

20 Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. (See ECF No. 1.) Plaintiff alleges that

21 defendant Experian is a consumer reporting agency and Rash Curtis and Sky Cloud are debt

22 collection agencies. (Id. ¶¶ 4-6.) Plaintiff states that she disputed an allegedly inaccurate $600

23 collection amount reported to Experian by Rash Curtis and requested a reasonable investigation.

24 (Id. ¶ 7.) Despite the dispute, plaintiff alleges that Experian continued to report the collection

25 without conducting a reasonable investigation, and that she filed a dispute with the Consumer

26 Financial Protection Bureau. (Id. ¶¶ 8, 9.) Plaintiff also alleges that Rash Curtis did not provide

27 accurate report or verify the debt before reporting it to Experian. (Id. ¶ 10.)

28     Plaintiff alleges that on April 15, 2022, she sent a cease-and-desist letter to Sky Cloud to

cease collection, and on April 22, 2022, plaintiff received a response. (Id. ¶ 11, 13.) Plaintiff states that "defendant" filed a lawsuit against her and accessed her credit report multiple times without a "permissible purpose." (Id. ¶ 15-17.) Plaintiff also alleges that "defendant" sent her a letter attempting to enforce a judgment obtained against her. (See id. ¶ 19.)

Plaintiff brings claims against Experian for violations of the FCRA, 15 U.S.C. § 1681i; Rash Curtis for violations of the FCRA, 15 U.S.C. § 1681s-2 and the FDCPA, 15 U.S.C. § 1692e; and Sky Cloud for violations of the FCRA, 15 U.S.C. § 15 U.S.C. § 1681b, and the FDCPA, 15 U.S.C. §§ 1692c(c), 1692e, and 1692g(b).

### IV.     Discussion

#### A.   Failure to Comply with Federal Rule of Civil Procedure 8

The complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of plaintiff's complaint shows that it consists of conclusory allegations and "[t]hreadbare recitals of the elements" of the FCRA and FDCPA causes of action and fails to state a claim for relief under the FCRA and FDCPA. See Iqbal, 556 U.S. at 678.

##### 1.   Fair Credit Reporting Act Claims

###### i.   Experian Information Solutions

Plaintiff brings a claim against defendant Experian under the FCRA, 15 U.S.C. § 1681i. (ECF No. 1 ¶ 25.) Congress enacted FCRA to ensure accurate reporting about the "credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2). Under FCRA, a consumer may request a copy of her credit report from one of the three main credit reporting agencies in the United States: TransUnion, Equifax, and Experian. TransUnion LLC v. Ramirez, 594 U.S. 413, 419 (2021); see 15 U.S.C. § 1681g(a). "Section 1681i provides that consumer reporting agencies such as Experian must 'conduct a reasonable reinvestigation' when an item in the consumer's credit file 'is disputed by the consumer and *the consumer notifies the agency directly . . . of such dispute*.'" Warner v. Experian

Information Solutions, Inc., 931 F.3d 917, 920 (9th Cir. 2019) (alteration in original) (citation omitted). Under 15 U.S.C. § 1681n(a), a consumer reporting agency is liable for the willful violation of its FCRA obligations and a plaintiff may recover actual damages, attorney's fees, and punitive damages. Moran v. Screening Pros, LLC, 2020 WL 4724307, at *4 (C.D. Cal. July 30, 2020). A FCRA violation is willful if it is made either knowingly or with reckless disregard for the requirements imposed under the FCRA. Id. at *4 (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 56-60 (2007)). A credit reporting agency acts in "reckless disregard" where its actions involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Id. (citing Safeco, 551 U.S. at 68). A plaintiff who alleges a "bare procedural violation" of the FCRA, "divorced from any concrete harm," fails to satisfy Article III's injury-in-fact requirement." Id. (citing Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017)).

Here, plaintiff does not set forth a short and plain statement of her FCRA claim against Experian. Plaintiff states conclusively that she disputed a $600 collection with Experian by stating that the debt was inaccurate and requesting a reasonable investigation. (ECF No. 1 ¶ 7.) Plaintiff alleges that Experian continued to report the collection without conducting reasonable investigation, and that Experian's actions were willful. (Id. ¶¶ 8, 25.) However, plaintiff's conclusory allegations that Experian failed to conduct a reasonable investigation and acted willfully are not enough to state a claim. See Iqbal, 556 U.S. at 678. Plaintiff has not provided sufficient facts to support her allegations that Experian did not conduct a reasonable investigation or acted in "reckless disregard" for the FCRA's requirements. See Moran, 2020 WL 4724307, at *4. For these reasons, the complaint against Experian is subject to dismissal.

### 2. Rash Curtis & Associates

Plaintiff brings claims against defendant Rash Curtis for allegedly violating the FCRA, 15 U.S.C. § 1681s-2. (ECF No. 1 ¶¶ 26-29.) Plaintiff alleges that Rash Curtis is a debt collection agency that furnishes information to consumer reporting agencies. (Id. ¶ 5.) Under the FCRA, if a consumer disputes to a credit reporting agency the completeness or accuracy of his credit information, the "person" who furnished it must investigate the matter and take steps to correct any mistake. 15 U.S.C. § 1681s-2(b).

The FCRA outlines the "[r]esponsibilities of furnishers of information to credit reporting agencies." 15 U.S.C. § 1681s-2. There are "two categories of responsibilities" for furnishers as outlined in § 1681s-2. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). The first, in § 1681s-2(a), requires furnishers to provide accurate information and imposes upon the furnisher a duty to notify a credit reporting agency if it furnishes it with information that is disputed by the consumer. Gorman, 584 F.3d at 1154 (citing § 1681s-2(a)(3)). "If a furnisher determines that it supplied information that was 'not complete or accurate,' it must provide all information to the [credit reporting agencies] 'necessary to make [their report] . . .complete and accurate.'" Williams v. Experian Info. Sols., Inc., No. C22-5840 MJP, 2024 WL 643197, at *3 (W.D. Wash. Feb. 15, 2024) (quoting § 1681s-2(a)(2)).

The second category of responsibilities, under § 1681s-2(b), is triggered when a furnisher is notified by a credit reporting agency that a consumer disputes any reported information. Gorman, 584 F.3d at 1154. Upon receipt of notice of dispute from a credit reporting agency, the furnisher is obligated to investigate the claims and to correct or delete inaccurate information. Gross v. CitiMortgage, Inc., 33 F.4th 1246, 1251 (9th Cir. 2022). To state a claim under the second category the plaintiff must first allege that the information in the report is incomplete or inaccurate. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010). The plaintiff then must allege she (1) notified a credit reporting agency, (2) the credit reporting agency notified the furnisher of the information about the dispute, and (3) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of § 1681s-2(b). Ballard v. Citadel Servicing Corp., No. 8:22-cv-01679-FWS-ADS, 2023 WL 4291115, at *6 (C.D. Cal. May 9, 2023) (citation omitted).

Here, plaintiff has failed to state a claim under the FCRA against Rash Curtis. Plaintiff alleges that she disputed a $600 collection account "reported by [Rash Curtis] with Experian" (ECF No. 1 ¶ 7), and that Rash Curtis "failed to provide accurate reporting and did not properly verify the debt before continuing to furnish it to Experian" (id. ¶ 10). Plaintiff has only provided conclusory allegations that Rash Curtis failed to conduct a reasonable investigation after being notified of a dispute. These statements are not supported by sufficient facts to state a claim. For

these reasons, the claims against Rash Curtis under the FCRA are subject to dismissal.

### 3. Sky Cloud Management, LLC

Plaintiff also brings claims against defendant Sky Cloud for allegedly violating the FCRA, 15 U.S.C. § 1681b. (ECF No. 1 ¶¶ 30-33.) Plaintiff alleges that Sky Cloud is a debt collection agency that furnishes information to consumer reporting agencies. (Id. ¶ 6.) Under 15 U.S.C. § 1681b, consumer reporting agencies may "furnish a consumer report under [specified] circumstances and no other." These circumstances include in response to a court order or subpoena; in accordance with the written instructions of the consumer; to a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer, for employment purposes, or other purposes; in response to a request by the head of a State or local child support enforcement agency; to an agency administering a State plan to use to set a child support award; to the Federal Deposit Insurance Corporation or National Credit Union Administration. 15 U.S.C. § 1681b.

Here, plaintiff alleges that despite a cease-and-desist notice, Sky Cloud pulled plaintiff's credit report twice without permissible purpose. (Id. ¶ 18.) Plaintiff has only provided conclusory allegations that Sky Cloud improperly accessed plaintiff's credit report. Plaintiff has not described the impermissible purpose for which Sky Cloud accessed plaintiff's credit report. For these reasons, the claims against Sky Cloud under the FCRA are subject to dismissal.

### B. Fair Debt Collections Practices Act Claims

Plaintiff brings claims against Rash Curtis for violations of the FDCPA, 15 U.S.C. § 1692e, and against Sky Cloud for violations of the FDCPA, 15 U.S.C. §§ 1692c(c), 1692e, and 1692g(b). (ECF No. 1 ¶¶ 34-42.) To establish a violation of the FDCPA, plaintiff must show: (1) she was a consumer (2) who was the object of a collection activity arising from a consumer "debt" within the meaning of the FDCPA, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. Miranda v. Law Office of D. Scott Carruthers, 2011 WL 2037556, at *4 (E.D. Cal. May 23, 2011) (citing Turner v. Cook, 362 F.3d 1219, 1227-28 (9th Cir. 2004)). As an initial matter, plaintiff does not sufficiently allege whether or not the debt at issue falls within the purview of the FDCPA. See

1  Turner, 362 F.3d at 1226-27 ("Because not all obligations to pay are considered debts under the
2  FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a
3  'debt' within the meaning of the statute."). Under the FDCPA, "debt" is defined as "any
4  obligation or alleged obligation of a consumer to pay money arising out of a transaction in which
5  the money, property, insurance, or services which are the subject of the transaction are primarily
6  for personal, family, or household purposes." 15 U.S.C. § 1692a(5); see also Bloom v. I.C. Sys.
7  Inc., 972 F.2d 1067, 1068-69 (9th Cir. 1992) (explaining that the FDCPA applies only to debts
8  incurred for personal, family or household purposes rather than business or commercial reasons).

9  Here, plaintiff simply says that she "disputed a $600 collection account" but does not
10 describe the nature of the account. (See ECF No. 1 ¶ 7.) Plaintiff has attached a letter from Sky
11 Cloud, which is difficult to read, but appears to refer to a debt related to bail. (ECF No. 1 at 9
12 (Exh. D).) Plaintiff has not sufficiently alleged that the alleged debt is a consumer debt covered
13 by the FDCPA. Second, plaintiff has not sufficiently alleged whether defendants Rash Curtis and
14 Sky Cloud are "debt collectors" as defined by the FDCPA. Plaintiff's statements that these
15 entities are "debt collection agenc[ies]" is not enough to sufficiently show that defendants Rash
16 Curtis and Sky Cloud are debt collectors. (See ECF No. 1 ¶¶ 5, 6.) Plaintiff attaches an exhibit to
17 her complaint indicating that these defendants are "other collection agencies" but this is not
18 sufficient to show that these defendants are debt collectors. (See id. at 5 (Exh. A).) This
19 conclusory allegation is insufficient to show that defendants Rash Curtis and Sky Cloud are debt
20 collections and fails to state a valid claim under the FDCPA.

21 Plaintiff also brings specific causes of action under the FDCPA against defendants Rash
22 Curtis and Sky Cloud. Plaintiff alleges that Rash Curtis and Sky Cloud violated 15 U.S.C.
23 § 1692e by making "false representations about the validity of the debt." (ECF No. 1 ¶38.) The
24 complaint does not sufficiently state a claim under 15 U.S.C. § 1692e against either Rash Curtis
25 and Sky Cloud because without further facts, it is unclear from plaintiff's allegations how Rash
26 Curtis or Sky Cloud used "false, deceptive, or misleading representation or means" to collect a
27 debt. See 15 U.S.C. § 1692e.
28

1    Plaintiff also alleges that Sky Cloud violated 15 U.S.C. § 1692c(c) by continuing
2 collection efforts after receiving a cease-and-desist letter from plaintiff. (ECF No. 1 ¶ 35.)
3 Plaintiff states that she sent a cease-and-desist letter to Sky Cloud on April 15, 2022, demanding
4 that they cease collection, and that on August 17, 2022, plaintiff received a "payment plan
5 installment agreement" letter despite the cease-and-desist notice. (Id. ¶¶ 11, 14.) Plaintiff states
6 that she received a letter from "defendant" but does not specify a particular defendant. The
7 complaint does not sufficiently state a claim under 15 U.S.C. § 1692c(c) against Sky Cloud
8 because while plaintiff alleges that she received communication after sending a cease-and-desist
9 letter, it is unclear whether this communication came from Sky Cloud, or if this communication
10 qualified under one of the exceptions listed in 15 U.S.C. § 1692c(c). See 15 U.S.C. § 1692c(c)
11 (stating that if a consumer notifies a debt collector in writing that the consumer refused to pay a
12 debt, the debt collector shall not communicate further regarding the debt except to advise the
13 consumer that the collector's further efforts are being terminated, to notify the consumer that the
14 debt collector or creditor may invoke specified remedies normally invoked, or to notify the
15 consumer that the debt collector or creditor intends to revoke a specified remedy).

16    Plaintiff further alleges that Sky Cloud violated 15 U.S.C. § 1692g(b) by failing to
17 validate the debt before continuing collection efforts. (ECF No. 1 ¶ 41.) The complaint does not
18 sufficiently state a claim under 15 U.S.C. § 1692g(b) against Sky Cloud because it is unclear from
19 plaintiff's allegations whether Sky Cloud violated section 1692g(b) by continuing to collect on a
20 disputed portion of the debt without verifying the debt. Plaintiff states that "[d]efendant" filed a
21 lawsuit against plaintiff without verifying the validity of the debt but does not specify which
22 defendant she is referring to. (ECF No. 1 ¶ 15.) Plaintiff's conclusory allegations that "defendant"
23 did not validate the debt are not enough to state a claim. Based on the above discussion, the Court
24 finds plaintiff has failed to state a claim under the FDCPA.

25    Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's
26 complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v.
27 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
28 ////

9

V.     **Conclusion and Order**

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 12, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, wils.0672.25